IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845<br>1:07-md-1845-TWT |
| BOBBY JOE KIDD,<br>    Plaintiff,<br>        v.<br>CONAGRA FOODS INC., et al.,<br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:07-CV-1415-TWT |

ORDER

This is a personal injury case. It is before the Court on the Defendants' Motion for Summary Judgment [Doc. 1934], which is DENIED.

I. Introduction

This case arises out of Defendant ConAgra's 2007 recall of Peter Pan and Great Value peanut butter, after the CDC and FDA reported an association between these products and Salmonella Tennessee. After the recall, many consumers, including Bobby Joe Kidd, sued ConAgra alleging that they contracted Salmonellosis, a bacterial infection caused by Salmonella Tennessee, after eating Peter Pan or Great Value peanut butter. The lawsuits were consolidated by the MDL panel in this Court

for pretrial proceedings. During discovery, ConAgra asked the plaintiffs whether they submitted a blood, urine, or stool sample to a doctor for testing. Because the symptoms of Salmonellosis are similar to those of other common gastrointestinal illnesses, these samples can be important in determining causation. Bobby Joe Kidd said that he submitted blood and urine samples, both of which tested negative for Salmonella and other infectious pathogens. ConAgra now moves for summary judgment against Kidd on causation grounds.

## II.   Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.   Discussion

Kidd says that he ate Peter Pan peanut butter around bedtime on January 5, 2007. The lid code on the jar of peanut butter from which he ate indicates that the peanut butter was manufactured at the ConAgra plant during the outbreak period. The following day, Kidd began feeling sick. His symptoms included abdominal pain and nausea. He visited the hospital, where he stayed for several days. The doctors took blood and urine samples, which tested negative for Salmonella and other infectious agents. They did not take a stool sample. After treating his symptoms, the doctors discharged Kidd and recommended further treatment by a gastroenterologist.

To prove causation, Kidd must show that it is more likely than not that contaminated peanut butter caused his illness. ConAgra says that the negative blood and urine cultures make it impossible to do so. The Court disagrees. Kidd has provided enough evidence to allow a reasonable jury to infer that contaminated peanut butter caused his symptoms. His fact sheet and medical records indicate that he ate recalled peanut butter and experienced Salmonella-like symptoms within the incubation period for Salmonellosis. In addition, Dr. Jimmy Graham, a board-certified internist, offered a medical explanation for the negative blood and urine cultures, noting that a Salmonella infection in Kidd's GI tract would not have appeared in his blood or urine cultures unless the infection had spread to his blood or bladder. Given this evidence, a reasonable jury could find that contaminated peanut

butter caused Kidd's illness. Accordingly, ConAgra is not entitled to summary judgment on causation grounds.

## IV.  Conclusion

For the reasons stated above, the Defendants' Motion for Summary Judgment [Doc. 1934] is DENIED.

SO ORDERED, this 4 day of May, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge